JOHN S. FERRELL (CA SBN 154914)
jferrell@carrferrell.com
SCOTT R. MOSKO (CA SBN 106070)
smosko@carrferrell.com
MYRNA M. SCHELLING (CA SBN 215424)
mschelling@carrferrell.com
**CARR & FERRELL LLP**
120 Constitution Drive
Menlo Park, California 94025
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for SDL PLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SDL PLC,<br><br>            Plaintiff,<br><br>      v.<br><br>Lilt, Inc., a Delaware corporation,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SDL PLC ("SDL") for its Complaint against Defendant Lilt, Inc. ("Lilt") alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 (a).

## NATURE OF THE ACTION

2. This action includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to obtain damages arising from Defendant's unauthorized manufacture, use, sale, offer for sale and/or importation of products, devices, methods, processes, services, and/or systems that infringe one or more claims of United States Patent Nos. 7,624,020 (the "'020 Patent"), 9,152,622 (the "'622 Patent"), and 9,213,694 (the "'694 Patent") (collectively referred to as the "Patents-in-Suit").

## THE PARTIES

3. Plaintiff SDL is a company headquartered in Maidenhead, United Kingdom.

4. On information and belief, Defendant Lilt is a Delaware corporation, having its principal place of business at 1232 Los Trancos Road, Portola Valley, California 94028.

5. Plaintiff SDL was founded in 1992 and has become a multinational software and professional services company that specializes in digital marketing software and services, structured content management, and language translation software and services.

6. The United States Patent and Trademark Office has granted SDL's engineers and inventors numerous patents, many of which reflect inventions applicable to language translation software and services. SDL, directly or through its subsidiaries, is the assignee of numerous patents concerning language translation software and services, including the '020 Patent, entitled "Adapter for Allowing Both Online and Offline Training of a Text to Text System," the '622 Patent, entitled "Personalized Machine Translation via Online Adaptation," and the '694 Patent, entitled "Efficient Online Domain Adaptation."

7. Defendant Lilt was incorporated in 2015, and competitively promotes its language translation product/service against SDL TRADOS® products. For human translators, Lilt offers a

cloud-based computer-aided translation platform that features predictive typing, interactive and adaptive machine translation, automatic tag placement, and a built-in termbase.  For enterprises and language service providers, Lilt advertises itself as a cloud-based computer-aided translation platform that combines human and adaptive machine translation.  On its website, Lilt claims that tits product provides up to 33% faster throughput than SDL TRADOS®, and a user can import data to and from SDL TRADOS®.

8. Defendant Lilt infringes the Patents-in-Suit, and Plaintiff has been and will continue to be harmed by Defendant's infringement of the Patents-in-Suit.  Moreover, Defendant's unauthorized and infringing manufacture, use, offer to sell, sale, and/or import of Plaintiff's patented inventions, as well as Defendant's unauthorized and infringing performance of methods, processes, and/or services, have threatened the value of Plaintiff's intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, offering to sell, selling, and/or importing the patented inventions, and/or the right to exclude others from performing the patented methods.

9. Defendant's disregard for Plaintiff's intellectual property rights, has and continues to interfere with marketing and sales of Plaintiff's products; and threatens Plaintiff's relationships with customers, partners and/or licensees.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 (a).

11. This Court has personal jurisdiction over Lilt, because, on information and belief, Lilt's principal place of business is located in this district.  In addition, Lilt conducts continuous and systematic business in this district by providing infringing products and services to residents of this district, by providing infringing products and services that it knew would be used within this district, and/or by participating in the solicitation of business from residents of this district.  In addition, on information and belief, Lilt places infringing products within the stream of commerce, which are directed at this district, with the knowledge and/or understanding that such products will be sold or otherwise provided to customers within the district.  In addition, on

information and belief, Lilt employs individuals within this district, including employees who provide infringing products and services to customers here, and maintains offices and facilities here.  Lilt operates a highly commercial website through which regular sales of products and/or sales of services are made to customers in this district, including products and services that, on information and belief, infringe the patents asserted herein and/or is liable for its wrongful activities as herein alleged.

12.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) because Lilt resides in this district, transacts business within this District, and provides infringing products in this district.  In addition, venue is proper because SDL has suffered harm in this district.

**INTRADISTRICT ASSIGNMENT**

13.   This action relates to Intellectual Property and may be assigned to any division pursuant to Civil L.R. 3-2(c).

**FIRST CLAIM FOR RELIEF**

**Infringement of the '020 Patent**

14.   SDL incorporates by reference the allegations set forth in paragraphs 1 through 13 of this Complaint.

15.   The '020 Patent, entitled "Adapter for Allowing Both Online and Offline Training of a Text to Text System," is attached to this Complaint as Exhibit A and is hereby incorporated by this reference.

16.   Lilt has infringed Claim 1 of the '020 Patent by making, having, made, designing, using, distributing, importing, offering for sale and/or selling its adaptive machine translation product/service.

17.   The method and system practiced by Lilt through its adaptive machine translation product/service meet each limitation in Claim 1 of the '020 Patent.

18.   Lilt infringes Claim 1, a method claim for at least the following reasons:

    a.   Lilt's product literature describes a system for allowing text to text training, the system trains on a generic parallel text corpus (set of translated examples) of language information.  For example, Lilt's product literature describes the use of data sets such as United

1 Nations and European Parliament data.

2    b.   Lilt trains using a second domain specific corpus that includes a translation
3 memory from data uploaded by a user and/or generated when the user edits the initial translations
4 and/or dictionaries uploaded by the user. For example Lilt analyzes the text entered into a typing
5 area to build a translation memory that is used by the machine translation in conjunction with
6 baseline translation engine data to build a personalized translation engine.

7    c.   Lilt merges parameter sets from the two training steps, and uses the merged
8 parameter set for a text to text operation. For example, Lilt's literature states, "Translation
9 suggestions are generated by Lilt using a combination of our parallel text and your personal
10 translation resources."

11    d.   Lilt uses the second domain specific parameter set to adapt the first generic
12 parameter set, as evidenced by the literature quote above in paragraph (c).

13 19.   As a direct and proximate result of Lilt's acts of patent infringement, SDL has been
14 and continues to be injured and has sustained, and will continue to sustain substantial damages in
15 an amount not yet determined.

**SECOND CLAIM FOR RELIEF**

**Infringement of the '622 Patent**

18 20.   SDL incorporates by reference the allegations set forth in paragraphs 1 through 19 of
19 this Complaint.

20 21.   The '622 Patent, entitled "Personalized Machine Translation via Online Adaptation,"
21 is attached to this Complaint as Exhibit B and is hereby incorporated by this reference.

22 22.   Lilt has infringed one or more claims of the '622 Patent by making, having, made,
23 designing, using, distributing, importing, offering for sale and/or selling its adaptive machine
24 translation product/service.

25 23.   The method and system practiced by Lilt through its adaptive machine translation
26 product/service infringe each limitation in Claim 1 of the '622 Patent.

27 24.   Lilt infringes Claim 1, a method claim, for at least the following reasons:

28    a.   Lilt provides a personalized machine translation system for translating source

-4-

1 text to target language, in which the system receives translator feedback regarding machine
2 translations. For example, the Lilt literature shows a graphical user interface in the Lilt product
3 that receives translator feedback regarding the machine translations.

      b.     The Lilt system allows determining translator feedback that improves translations by the Lilt machine translation system, as evidenced by the graphical user interface discussed in paragraph (a).

      c.     Lilt incorporates the determined translator feedback into the translation methodology, producing first and second phrase pairs, as evidenced by the graphical user interface discussed in paragraph (b).

      d.     Lilt filters the first and second phrase pairs.

25. As a direct and proximate result of Lilt's acts of patent infringement, SDL has been and continues to be injured and has sustained, and will continue to sustain substantial damages in an amount not yet determined.

## THIRD CLAIM FOR RELIEF

### Infringement of the '694 Patent

26. SDL incorporates by reference the allegations set forth in paragraphs 1 through 25 of this Complaint.

27. The '694 Patent, entitled "Efficient Online Domain Adaptation" is attached to this Complaint as Exhibit C and is hereby incorporated by this reference.

28. Lilt has infringed Claim 1 of the '694 Patent by making, having, made, designing, using, distributing, importing, offering for sale and/or selling its adaptive machine translation product/service.

29. The method and system practiced by Lilt through its adaptive machine translation product/service meet each limitation in Claim 1 of the '694 Patent.

30. Lilt infringes Claim 1, a method of immediately updating a machine translation system with post-edits during translation of a document, for at least the following reasons:

      a.     Lilt receives a post-edited machine translation sentence pair, having a source sentence unit and a post-edited target sentence unit, as evidenced by the graphical user interface

1  discussed in paragraph 24 (a).

2          b.     Lilt updates a machine translation model by performing an alignment of the post-edits of the machine translated sentence pair to generate phrases, and adding these phrases to the machine translation model.  For example, a discussion of Lilt's updating can be found in references listed on the Lilt website.

        c.     Lilt adapts a language model from the post-edited target sentence unit.  For example, a discussion of Lilt's adapting a language model can be found in references listed on the Lilt website.

        d.     Lilt calculates translation statistics for the post-edits.  For example, a research paper referenced on the Lilt website by Minh-Thang Luong describes details of the post-edit steps used by Lilt.  A statement on the Lilt website asserts that, "[t]he methods described in the paper are used in all production systems deployed by Lilt."

        e.     Lilt adjusts translation weights using the translation statistics.

        f.     Lilt retranslates sentence pairs that have yet to be post-edited, using the updated translation model and the adjusted translation weights.

31.  As a direct and proximate result of Lilt's acts of patent infringement, SDL has been and continues to be injured and has sustained, and will continue to sustain substantial damages in an amount not yet determined.

## **PRAYER FOR RELIEF**

WHEREFORE, SDL respectfully requests the following relief:

1. An entry of judgment that each of the Patents-in-Suit is valid and enforceable;

2. An entry of judgment that Defendant has infringed one or more claims of the Patents-in-Suit;

3. An award of damages adequate to compensate SDL for Defendant's infringement of the Patents-in-Suit together with prejudgment and post-judgment interest and costs, in an amount according to proof;

4. An entry of permanent injunction enjoining Defendant and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the

-7-

Patents-in-Suit;

5. An entry of judgment of actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

6. An entry of judgment that this is an exceptional case and an award to Plaintiff of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. 285; and

7. An award to Plaintiff, in law or equity, of such other costs, expenses, and further relief as the Court may deem just and proper.

Dated: April 3, 2017                    CARR & FERRELL *LLP*

                                        By: /s/ John S, Ferrell
                                            JOHN S. FERRELL
                                            SCOTT R. MOSKO
                                            MYRNA M. SCHELLING

                                            Attorneys for Plaintiff
                                            SDL PLC

## **DEMAND FOR JURY TRIAL**

Plaintiff SDL PLC hereby respectfully demands a trial by jury on all counts to which they are entitled.

Dated: April 3, 2017                                         CARR & FERRELL *LLP*


By: /s/ John S. Ferrell
     JOHN S. FERRELL
     SCOTT R. MOSKO
     MYRNA M. SCHELLING

     Attorneys for Plaintiff
     SDL PLC